UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 2 9 2010  ★

BROOKLYN OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 08-CR-332 |
| | ) |
| v. | ) Statement of Reasons Pursuant to |
| | ) 18 U.S.C. § 3553(c)(2) |
| DAVID BURKS, | ) |
| | ) |
| Defendant. | ) |

JACK B. WEINSTEIN, Senior United States District Judge:

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the

reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the

sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in

section 3553(a)(4), the court must indicate the specific reasons for imposing a sentence different

from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity

in the written order of judgment and commitment." Id. Even though the mandatory nature of the

guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S.

220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18

U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors

under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a

statement should demonstrate that the court "considered the parties' arguments and that it has a

reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera,

1

550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted).

On April 20, 2009, David Burks was found guilty after a jury trial to Count One of a twelve-count superseding indictment, which charged that between July 2, 2005 and February 26, 2008, defendant, with others, conspired to defraud financial institutions and others by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds; and, by means of materially false and fraudulent pretenses, in violation of 18 U.S.C. § 1349.

Burks was sentenced on March 9, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be 25 and defendant's criminal history category to be I, yielding a guidelines range of imprisonment of between 57 to 71 months. The base offense level was decreased by two points since the defendant was a "minor participant" in the conspiracy. See U.S.S.G. § 3B1.2. The offense carried a maximum term of imprisonment of 30 years. 18 U.S.C. §§ 1343, 1344, and 1349. The guidelines range of fine was from $10,000 to $10,333,800. There are no open charges against the defendant.

Burks was sentenced to a term of imprisonment of one month, plus five years' supervised release. During supervised release, defendant shall complete 500 hours of community service; probation services shall ensure that the community service does not conflict with defendant's employment schedule. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. A restitution order in the amount of $5,166,900 was entered against the defendant, as consistent with findings

2

in paragraph 12 of the Presentence Investigation Report. Restitution will be payable at a rate of $50 per month, payable to the Clerk of Court. There shall be joint and several liability between defendants ordered to pay restitution in this case.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and Booker based upon the particular characteristics of the defendant, discussed further below.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious. The defendant has long-standing diabetes, which is degenerative and will lead to further problems with his eyes. The defendant has a stable family. He provides emotional and financial support to two children, one of whom has special needs. A sentence of one month's imprisonment, plus five years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that involvement in bank fraud will result in serious punishment. Specific deterrence is not necessary in view of his remorse and age. It is unlikely that he will engage in

3

further criminal activity in light of his family responsibilities and remorse.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 15, 2010
       Brooklyn, New York

4